UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSIE E. JONES #260563,

        Plaintiff,                      Case No. 2:08-cv-110

v.                                           Honorable R. Allan Edgar

RICHARD STAPLETON, et al.,

        Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on June 9, 2008. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In his objections, Plaintiff reasserts the allegations set forth in his complaint. However, for the reasons stated in the report and recommendation, this action is properly dismissed. Moreover, as an alternative ground, Defendant Maki is entitled to absolute judicial immunity. In *Shelly v. Johnson*, 849 F.2d 228 (6th Cir. 1988), the court affirmed a decision of Douglas W. Hillman, then Chief District Judge of this court, holding that Hearings Officer Jerry Sherman, when acting under MCLA § 791.251 -791.255, was entitled to absolute judicial immunity in relation to actions taken in his capacity as hearings officer. For the reasons stated in *Shelly*, Defendant Maki is entitled to absolute immunity.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). This is a dismissal described by 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.

Dated:     9/26/08                         */s/ R. Allan Edgar*
                                           R. ALLAN EDGAR
                                           UNITED STATES DISTRICT JUDGE