UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JESSE E. JONES #260563,

    Plaintiff,

v.                                    Case No. 2:08-cv-110
                                        HON. R. ALLAN EDGAR

RICHARD STAPLETON, et al.,

    Defendants.
_____/

**MEMORANDUM AND ORDER**

      Plaintiff Jesse E. Jones, a Michigan state prisoner in the custody of the Michigan Department of Corrections, brought this *pro se* federal civil rights action under 42 U.S.C. § 1983. He is imprisoned at the Baraga Maximum Correctional Facility in Baraga, Michigan.

      Defendants Richard Stapleton, Linda Maki, and Patricia Caruso made motions for summary judgment under Fed. R. Civ. P. 56. [Court Doc. No. 39, 50]. On September 28, 2010, this Court rendered its opinion granting the summary judgment motions. [Court Doc. No. 67]. A final judgment was entered on September 28, 2010 dismissing this civil action in its entirety. [Court Doc. No. 68]. Plaintiff Jones did not file a notice of appeal from the judgment.

      On October 13, 2010, the Court received from Jesse Jones a document captioned "PLAINTIFF'S OBJECTIONS TO THE SEPTEMBER 27, 2010 OPINION" wherein he raises objections to the Court's opinion issued on September 28, 2010. [Court Doc. No. 69]. The objections are not in the form of a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment under Fed. R. Civ. P. 60(b). In his objections, plaintiff Jones does not cite or refer to any provision of the Federal Rules of Civil Procedure. At the end of

his objections, plaintiff Jones requests that the District Court "reinstate the action and set this action for a jury trial."

The Court treated this document as mere objections by Jones and not as a motion. Nowhere in his objections does plaintiff Jones state that he is making a motion under either under Fed. R. Civ. P. 59(e) and 60(b). Jesse Jones is a frequent *pro se* litigator who has brought and actively litigated numerous civil actions in federal court. Based on his extensive prior litigation experience, Jesse Jones either knows or reasonably should know the correct procedure for making a motion under Fed. R. Civ. P. 59(e) and 60(b) which he failed to do. Instead of filing a notice of appeal from the judgment to the Sixth Circuit Court of Appeals, or making a proper motion for relief under Rules 59(e) and/or 60(b), Jones chose to merely file his objections to the District Court's decision.

Plaintiff Jones recently filed a petition for writ of mandamus in the Sixth Circuit Court of Appeals pursuant to Rule 21 of the Federal Rules of Appellate Procedure. He wants the Sixth Circuit to issue a writ of mandamus requiring the District Court to rule on his objections. This is part of a pattern of conduct by Jesse Jones. He essentially utilized this same unorthodox procedure and strategy in the case of *Jesse Jones v. Fernando Frontera, et al.*, United States District Court for the Western District of Michigan, Case No. 2:08-cv-207 (Sixth Circuit Docket No. 12-1198).

To resolve this matter in the most efficient manner possible, the District Court liberally construes and treats the plaintiff's objections [Court Doc. No. 69] as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e) which is DENIED.

The Court in its discretion may grant a motion to alter or amend a judgment under Rule 59(e) only if the movant meets his burden of showing that there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a need to prevent manifest injustice. *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009); *Henderson*

v. *Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir. 2006); *Intera Corp. v. Henderson*, 428 F.3d 606, 620 (6th Cir. 2005); *GenCorp., Inc. v. Am. Int'l Underwriters Co.*, 178 F.3d 804, 834 (6th Cir. 1999).

After reviewing the record and the plaintiff's objections, the Court concludes that plaintiff Jesse Jones has not met his burden of showing that he is entitled to relief under Rule 59(e) based on any of these four grounds. He has not established that the Court made a clear error of law. There is no newly discovered material evidence and no intervening change in the controlling law. The Court is not persuaded that it is necessary to grant relief under Rule 59(e) to prevent a manifest injustice. Based on the relevant facts and the applicable law, the opinion and judgment rendered in this case on September 28, 2010 [Court Doc. Nos. 67, 68] are correct.

The remedy provided in Rule 59(e) is an extraordinary one which is to be used sparingly. A Rule 59(e) motion is not a substitute for an appeal. Rule 59(e) does not give a dissatisfied litigant an additional opportunity to sway the District Court by repeating the same arguments. A Rule 59(e) motion cannot be used to relitigate the same facts, issues, and arguments that have previously been considered and decided by the District Court. *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612, 616 (6th Cir. 2010); *Zink v. General Electric Capital Assurance Co.*, 73 Fed. Appx. 858, 861 (6th Cir. 2003); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 373 (6th Cir. 1998); *Foreman v. United States*, 2010 WL 4102544, *1 (W.D. Mich. Oct. 18, 2010); *Lowe v. United States Attorney General*, 2009 WL 2611274, *1 (W.D. Mich. March 30, 2009); *Ellis v. Kaye-Kibbey*, 581 F. Supp.2d 861, 884 (W.D. Mich. 2008); *Keweenaw Bay Indian Community v. State of Michigan*, 152 F.R.D. 562, 563 (W.D. Mich. 1992), *aff'd*, 11 F.3d 1341 (6th Cir. 1993).

Moreover, a Rule 59(e) motion cannot be used to present new issues and arguments that should have been raised prior to entry of the judgment being challenged, or to present new evidence

3

that through the exercise of reasonable diligence could have been proffered earlier. *Leisure Caviar*, 616 F.3d at 616; *Latham v. Allstate Insurance Co.*, 331 Fed. Appx. 368, 370 (6th Cir. 2009); *Howard v. United States*, 553 F.3d 472, 475 (6th Cir. 2008); *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC* , 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374; *Foreman*, 2010 WL 4102544, at *1; *Lowe*, 2009 WL 2611274, at * 2; *Ellis*, 581 F. Supp.2d at 884 n. 19.

Because plaintiff Jones seeks to relitigate the issues and legal arguments that have already been considered and decided by this Court, either expressly or by reasonable implication, he cannot obtain any relief under Rule 59(e). Accordingly, the plaintiff's objections [Doc. No. 69] are construed and treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), and that motion is DENIED.

SO ORDERED.

Dated: August 3, 2012.

                                                         /s/ R. Allan Edgar
                                                         R. ALLAN EDGAR
                                       UNITED STATES DISTRICT JUDGE